IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHLEY FYFEE and MICHAEL RYAN | § | |
| FICK, individually and as next friends of E. | § | |
| FICK, a minor | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-09-0301 |
| | § | |
| BUMBO LTD., a foreign corporation, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Bumbo Ltd. moved to dismiss this negligence and strict products liability suit filed by Ashley Fyffe and Michael Ryan Fick, individually and on behalf of E. Fick, their minor child.  (Docket Entry No. 8).  Bumbo argues that service of process was insufficient under Rule 12(b)(5) of the Federal Rules of Civil Procedure because the plaintiffs served Bumbo's insurance agent rather than a corporate representative or agent for service of process.  (*Id.*).  The plaintiffs have responded, asserting that the service was adequate but alternatively asking for additional time to effect service. (Docket Entry No. 9).  Bumbo has replied.  (Docket Entry No. 10).  Based on the motion, response, and reply; the pleadings; and the applicable law, this court finds that service has not yet been effected but declines to dismiss this case.  Instead, the defendant's motion to quash is granted and the plaintiffs' motion for additional time to serve Bumbo with process is also granted.  The plaintiffs must file proof of service by **October 30, 2009.**

The reasons for these rulings are explained below.

**I.      Background**

On February 2, 2009, the plaintiffs sued Bumbo for negligence and products liability after E. Fick, then six months old, fell from an infant chair manufactured by Bumbo.  Bumbo is a foreign

corporation based in South Africa. (Docket Entry No. 5).  On June 24, 2009, the plaintiffs served Bumbo's liability insurer, American International Group ("AIG"), in Austin, Texas.  (Docket Entry No. 8).  The summons was addressed to "Bumbo, Ltd. c/o AIG Domestic Claims, Inc." (Docket Entry No. 8).  On July 14, 2009 Bumbo moved to dismiss based on insufficient process and insufficient service of process under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.  (Docket Entry No. 8).[1]  Bumbo asserts that AIG was at no time Bumbo's agent for service of process.  In their response to the motion, the plaintiffs maintain that Bumbo had designated AIG as an agent for service of process in an October 2006 e-mail from Donald Pillai, a Bumbo executive, to an employee of Toys "R" Us.   (Docket Entry No. 9).  In the e-mail, Pillai wrote: "AIG is a designated agent for service of process for claims in the United States." (Docket Entry No.8, Ex. B, p.1).  The plaintiffs argue that this language satisfies Rule 4(h)(1)(B).

Bumbo argues that AIG was not an authorized agent for service of process but is instead only the company's liability insurance carrier.  Bumbo submits a letter from AIG's South Africa office to Pillai, dated October 3, 2006, confirming that the U.S. office of AIG is the "designated agent for the servicing and processing of liability claims originating in the United States of America." (Docket Entry No. 8).  Bumbo argues that the letter clarifies the meaning of Pillai's e-mail statement: the United States AIG office would handle any insurance liability claims arising in the United States, not that AIG was the agent for service of process for lawsuits against Bumbo in the United States. In its reply brief, Bumbo also submitted an affidavit from Pillai stating:  "It was never my intent to appoint AIG as an agent who could accept the service of lawsuits on behalf of Bumbo, Ltd.  I do not have the authority to make such  appointments." (Docket Entry No. 10, Affidavit of Donald Pillai at 2).  Bumbo also included an affidavit from Antoinette Wagenaar, Director for

---

[1]   Because Bumbo does not appear to make any argument that the process itself was insufficient, this court addresses only the 12(b)(5) motion for insufficient service of process.

Bumbo, Ltd., supporting that position. (Docket Entry No. 10, Affidavit of Antoinette Wagenaar, at 2).

## II.     The Applicable Legal Standards

Federal Rule of Civil Procedure 4(h) provides that service of process on a corporation, partnership, or association, whether foreign or domestic, may be served in a judicial district of the United States or in a foreign territory.  FED. R. CIV. P. 4(h).  If service of process occurs in the United States, it must be done either according to state law or by delivering a copy of the summons and the complaint to an officer, managing or general agent, or other agent authorized by appointment or by law to receive service of process.  FED. R. CIV. P. 4(h)(1)(A), 4(h)(1)(B).  An agent must have actual authorization from the entity sought to be served.  *See O'Meara v. New Orleans Legal Assistance Corp.,* 1991 U.S. Dist. LEXIS 8137, 5 (E.D. La. June 10, 1991).  If service of process takes place in a foreign country, Rule 4(h)(2) requires compliance with the methods of service listed in Rule 4(f).[2]  FED. R. CIV. P. 4(h)(2).

---

[2]    Rule 4(f) states:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served at a place not within any judicial district of the United States:
>> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>> (C) unless prohibited by the foreign country's law, by:
>>>> (I) delivering a copy of the summons and of the complaint to the individual personally, or
>>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires signed receipt; or
>> (3) by other means not prohibited by international agreement, as the court orders.

The intent of the rules for serving process is to give sufficient notice to defendants of any actions filed against them. *See, e.g.,* 3D CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1061, p.311-12 (2002) ("[Federal Rule 4] was designed to provide maximum freedom and flexibility in the procedures for giving all defendants . . . no matter where they might be located, notice of the commencement of the action); *see also Goetz v. Synthesys Techs., Inc.,* 415 F.3d 481 (5th Cir. 2005) (noting that the primary purpose of service requirements is to ensure defendants receive actual notice of the pendency of litigation against them).

A party may raise insufficient process or insufficient service of process by moving to dismiss under Rules 12(b)(4) or 12(b)(5). The plaintiff bears the burden of establishing the validity of the service of process. *See Aetna Business Credit Inc. v. Universal Decor and Interior Design,* 635 F.2d 434, 435 (5th Cir. 1981) (citing *Familia de Boom v. Arosa Mercantil, S.A.,* 629 F.2d 1134, 1139 (5th Cir. 1980)). Another court in this district has outlined the proper procedure for a Rule 12(b)(5) motion:

> Plaintiffs normally meet the burden of establishing that the defendant was properly served by producing the process server's return of service, which is generally accepted as prima facie evidence of the manner in which service was effected. Unless some defect is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to produce admissible evidence establishing the lack of proper service. Plaintiffs must produce admissible evidence showing that the service was proper, or creating a fact issue requiring an evidentiary hearing.

*Nabulsi v. Zayed Al Nahyan*, 2009 U.S. Dist. LEXIS 49661, 12 (S.D. Tex. June 12, 2009).

If a court does grant a Rule 12(b)(5) motion, it is not required to dismiss the action. Rather, the court has the discretion to retain the case and quash the service "where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Montalbano v. Easco Hand Tools, Inc.* 766 F.2d 737, 740 (2nd Cir. 1985) (citing *Accord Novak v. World Bank,* 703 F.2d

4

1305, 1310 (D.C. Cir. 1983); *Alexander v. Unification Church of America,* 634 F.2d 673, 675 (2nd Cir**.** 1980)).

### III.    Analysis

The plaintiffs  argue that by serving AIG, they have served Bumbo's authorized agent in the United States, satisfying  Rule 4(h)(1)(B), and that Bumbo's motion to dismiss should be denied.

The courts are divided over how to interpret the corporate agent requirement.  The court described the division in *O'Meara*, 1991 LEXIS 8137 at *8.  Some courts construe Rule 4(h)(1)(B) more liberally and find that "service is adequate so long as the person served is so situated within the corporation that he or she will know what to do with the papers, and so long as the managing agent or agent for service actually receive the papers."  *O'Meara,* 1991 LEXIS 8137 at *8.  Other courts interpret the rule more strictly, holding that without evidence that the "agent" was appointed to receive service, the person served should at least be "responsible for any substantial aspect of the corporation's operations, i.e. was a managing or general agent."  *Id*.  The Fifth Circuit follows the latter group, holding that the letter of Rule 4(h) should be followed in serving process on a corporation or business.   Under this approach, "to establish such an agency relationship the individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on the would-be principal, even if the "agent" represents himself to be so authorized or accepts service."  *Id.* at *4-5; *Lisson v. ING Groep,* 262 Fed. Appx. 567, 569 (5th Cir. 2007) (unpublished) (per curiam).

The plaintiffs do not argue that AIG was a managing or general agent of Bumbo, or that AIG is responsible for any aspect of Bumbo's operations.  The plaintiffs argue that the prima facie evidence of the sufficiency of the service of process is supported by the October 2006 e-mail from Pillai to Toys "R" Us showing that Bumbo "expressly authorized AIG to serve as agent for service

of process." (Docket Entry No. 9).  Bumbo has, however, produced evidence showing that the service of process was not proper.  *See Zayed Al Nahyan*, 2009 U.S. Dist. LEXIS 49661 at *12.  The Pillai and Wagenaar affidavits, which are uncontroverted, state that Bumbo did not appoint AIG as an agent for service of process for lawsuits in the United States. (Docket Entry No. 10, Affidavits of Donald Pillai and Antoinette Wagenaar).  Because Bumbo did not intend to appoint AIG as an agent for service of process, under Fifth Circuit law, AIG was not such an agent.  The plaintiffs have not satisfied the requirements of Rule 4(h)(1)(B) for service of process on Bumbo.

In their response to the motion to dismiss, the plaintiffs note that in a separate pending case against Bumbo, *Black v. Bumbo*, Cause No. 4:08-cv-3315, Bumbo was also served through AIG in Austin, Texas.  (Docket Entry No. 9).  In *Black*, Bumbo filed an answer and did not object to the method of service.  The plaintiffs argue that this answer without objection represents a ratification of Pillai's appointment of AIG as an agent for service of process and proves that Bumbo never revoked its alleged authorization. This argument is not persuasive.  *See Richards v. New York State Dept. of Correctional Services* 572 F.Supp. 1168, 1174 (S.D.N.Y. 1983) ("To demonstrate an agency relationship, something more than mere acceptance of service by a purported agent must be shown").     Although Bumbo's Rule 12(b)(5) motion is valid, dismissal is not warranted on this record.  When, as here, the record shows that there is "a reasonable prospect that plaintiff will ultimately be able to serve defendant properly," a court may decline to dismiss and instead quash the service of process and allow time for proper service.  *See Montalbano*, 766 F.2d at 740; *see also Delta Constructors, Inc. v. Roediger Vacuum, GmbH*, 2009 U.S. Dist. 68613 (S.D. Miss. August 4, 2009) (holding that there was no evidence a U.S. "sister corporation" of a foreign corporate defendant had been appointed an agent for service of process, thus quashing the original service but granting the plaintiff an additional ninety days to properly serve the defendant).  The plaintiffs have

shown good cause for extending the time for service. FED. R. CIV. P. 4(m).[3]   The plaintiffs have not

acted in bad faith and have shown a reasonable basis for failing to effect service within the time

specified by the rules.   *See Winters v. Teledyne Movable Offshore, Inc.*, 776 F.2d 1304, 1306 (5th

Cir. 1985) (citing 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165, at 622).[4]   The

plaintiffs served an entity they mistakenly but in good faith believed to be an agent of Bumbo.   The

plaintiffs were aware of a prior case in which Bumbo had appeared after process had been served

on AIG. (Docket Entry No. 9).   Although Bumbo's response to the previous service of process on

AIG did not ratify AIG's agency status, the previous service did provide a reasonable basis for the

plaintiffs to believe that AIG was Bumbo's appointed agent for service of process.   The plaintiffs

have also shown that there are other available means to serve Bumbo and that they are prepared to

proceed with such service.  (Docket Entry No. 5).   The plaintiffs ask leave to serve Bumbo in South

Africa through letters rogatory under the Inter-American Convention on Letters Rogatory. (Docket

Entry No. 9).   The record shows a "reasonable prospect that plaintiff[s] will ultimately be able to

serve [Bumbo] properly."   The plaintiffs' motion for an extension of time in which to serve Bumbo

is granted.

## IV.    Conclusion

---

[3]    Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on
> its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant
> or order that service be made within a specified time. But if the plaintiff shows good cause for the
> failure, the court must extend the time for service for an appropriate period.

[4]    The Fifth Circuit has affirmed dismissals with prejudice for untimely service when at least one of three
aggravating factors is present: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual
prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan v. USAA General Indem. Co.*,
546 F.3d 321, 325-326 (5th Cir. 2008) (holding that a district court erred in refusing to grant the plaintiff
more time for service of process under Rule 4(m) when the plaintiff served a party he mistakenly believed
to be the defendant's agent for service of process and on refiling failed to pay the required fee).

Bumbo's motion to dismiss is granted in part and denied in part. This court quashes the service of process and grants the plaintiffs additional time to effect service. The plaintiffs must serve Bumbo and file proof of service by **October 30, 2009.** The initial pretrial conference set for September 25, 2009 is reset to **December 18, 2009, at 9:00 a.m.** The joint discovery case management plan must be filed by **December 8, 2009.**

SIGNED on September 16, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge